IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEITH BEAUCHAMP,

                Petitioner,           OPINION AND ORDER

   v.

                                        08-cv-0425-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                Respondent.

---

      Keith Beauchamp, an inmate at the Waupun Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his January 24, 2003 conviction in the Circuit Court for Eau Claire County for first degree sexual assault of a child as a persistent repeater.  Although petitioner states that he is raising four grounds for relief, all grounds appear to be related to two claims:  1) his trial counsel was ineffective for failing to obtain three witness statements and failing to use these statements and the statement of a police detective to impeach the witnesses' trial testimony; and 2) his postconviction counsel was ineffective for not raising this claim of ineffective assistance of trial counsel in the postconviction motion.  Dkt. #1.

      Before the court is respondent's motion to dismiss on the ground that petitioner failed to file his petition within the one-year statute of limitations period for federal habeas actions and has not shown that equitable tolling applies.  Dkt. #10.  In response, petitioner

argues that he did not file a timely habeas petition because his appellate counsel was ineffective and because he had discovered new, exculpatory evidence after filing his direct appeal. Because I find that petitioner did not file his petition within the statute of limitations period and has not shown that he is entitled to either statutory or equitable tolling, I am granting respondent's motion to dismiss the petition as untimely filed.

From the petition, documents attached to the parties' submissions and state records available electronically, I find the following facts.

ALLEGATIONS OF FACT

Following his conviction, petitioner filed an appeal in the Wisconsin Court of Appeals, asserting that his trial counsel was ineffective for failing to inquire about a threat made by the victim's mother to accuse him of sexual assault of her children if he reported that her uncle, Donnie Watts, had been stealing checks. State v. Beauchamp, Circuit Court for Eau Claire County Case No. 2002 CF 436, dkt. #1, at 30-34. Petitioner's appointed counsel, Chris Gramstrup, filed a no merit report and an affidavit from trial counsel, Brian Wright, stating that petitioner never told Wright about the threats. On April 29, 2004, the appellate court remanded the matter to the trial court for resolution. After an evidentiary hearing on June 23, 2004, the circuit court determined that petitioner never informed his trial counsel of the threats. State v. Beauchamp, Case No. 2005 AP 780 CR (Ct. App. Jan.

2

10, 2006), dkt. #10, Exh. #2 at ¶¶ 1-4; Consolidated Court Automation Programs (CCAP) Wisconsin Circuit Court Access for Eau Claire County Case No. 2002 CF 436 at http://wcca.wicourts.gov (visited October 29, 2008).

Petitioner moved to supplement the record with the report of Detective Schneider and statements made by the victim, Travian McGloun, and his family members, Christopher Davis and Jeremiah McGloun. On July 22, 2004, the court of appeals granted the motion and ordered Gramstrup to file a supplemental no merit report. In an order entered on October 22, 2004, the appellate court rejected the trial court's findings and the no merit report, dismissed petitioner's appeal and directed Gramstrup to file a postconviction motion alleging ineffectiveness of trial counsel. Beauchamp, Case No. 2005 AP 780 CR, dkt. #10, Exh. #2, at ¶¶ 1-4; CCAP WI Circuit Court Access for Eau Claire County Case No. 2002 CF 436.

After holding a hearing pursuant to State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979) (criminal defendants have opportunity to question counsel in a post-trial hearing before raising ineffectiveness of trial counsel claim on appeal), the circuit court denied the ineffective assistance claim. Petitioner appealed. On January 10, 2006, the court of appeals affirmed the conviction and the denial of the postconviction motion. Adopting the credibility findings of the trial court, the appellate court determined that because petitioner never told his trial counsel about Watts's stealing checks, Wright's performance

3

was not deficient.  Beauchamp, No. 2005 AP 780 CR (applying Strickland v. Washington, 466 U.S. 668 (1984)), dkt. #10, Exh. #2; CCAP WI Circuit Court Access for Eau Claire County Case No. 2002 CF 436.  Petitioner filed a petition for review, which the Wisconsin Supreme Court denied on March 15, 2006.  Dkt. #10, Exh. #3.

In a letter to Wright dated December 10, 2006, petitioner asked whether Wright had ever seen the witness statements made by Travian and Jeremiah McGloun and Christopher Davis.  Petitioner attached copies of the statements to his letter.  Dkt. #12 at 15 and 31-32.

On March 12, 2007, petitioner filed a pro se postconviction motion pursuant to Wis. Stat. § 974.06, again alleging ineffective assistance of trial and appellate counsel, but basing his claim on a different factual predicate:  his trial counsel's failure to obtain the witness statements of Travian McGloun, Christopher Davis, Jeremiah McGloun and Detective Schneider and use them to impeach those witnesses at trial.  Beauchamp, No. 2002 CF 436, dkt. #1, at 30.  In his supporting brief, petitioner conceded that these statements had been made part of the court record in July 2004.  Dkt. #12 at 13.

On May 14, 2007, the circuit court held that petitioner's ineffective assistance of trial counsel claim was barred under § 974.06(4), even though the alleged factual basis for the claim was different from that raised in his appeal.  It based this holding on State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), in which the Wisconsin Supreme Court had ruled that a state prisoner must raise all grounds for relief in his original motion

4

or appeal unless he has a sufficient reason for not doing so. The circuit court found that petitioner could have asserted his claim at the time of his appeal because the statements in question were available to him in July 2004, well before the Machner hearing and the court of appeals' denial of the postconviction motion in 2006. Beauchamp, No. 2002 CF 436, dkt. #1, at 32-33. The court found that petitioner provided "no basis as to why these issues were not raised previously." Id. at 33. Although petitioner blamed the failure to raise the claim on his appellate counsel, the court held that it did not have authority to review an ineffectiveness of appellate counsel claim. Id. at 34 (citing State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992)) (defendant alleging ineffective assistance of appellate counsel must bring motion for relief in court of appeals).

Petitioner appealed, arguing that ineffective assistance of Gramstrup, his postconviction counsel, constituted a sufficient reason to overcome the procedural bar. The state court of appeals found that Gramstrup was actually appellate counsel appointed to represent petitioner in his no-merit appeal. The appellate court agreed with the trial court that petitioner provided no reason for his failure to raise his second ineffectiveness of trial counsel claim at the time he filed his appeal and that he was required to bring a Knight petition in the appellate court regarding his claim that Gramstrup was ineffective. The court found that petitioner had the information he needed to raise an ineffective assistance of appellate counsel claim and could have raised such a claim in his first postconviction motion,

5

which was part of his appeal. Finally, the appellate court determined that even if petitioner had stated a sufficient reason to avoid the procedural bar, he had not shown any factual basis for his allegations that Gramstrup was ineffective. The court noted that petitioner stated only that "an evidentiary hearing is needed to determine whether Post-Conviction Counsel was ineffective . . . on direct appeal." State v. Beauchamp, Case No. 2007 AP 1248 (Ct. App. Jan. 8, 2008), dkt. #1, at 35-39.

The state supreme court denied the petition for review on April 14, 2008. Dkt. #10, Exh. #5. On July 23, 2008, petitioner filed a petition for a writ of habeas corpus in this court. Petitioner declared that he placed the completed petition in the prison mail receptacle on Sunday, July 20, 2008. Dkt. #1 at 14.

## OPINION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations period for all habeas proceedings, running from certain specified dates. 28 U.S.C. § 2244. The statute provides four different dates for the start of the limitations period. The two that are relevant in this case include the first, which is set out in § 2244(d)(1)(A). This is the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review,

which includes the time for filing a petition for a writ of certiorari with the United States Supreme Court. Anderson v. Litscher, 281 F.3d 672, 674-75 (one-year limitation period under § 2244(d)(1)(A) does not start to run until petitioner has completed all direct criminal appeals in state court and time for seeking review by United States Supreme Court has expired). The only other date relevant to petitioner's claim is the fourth, § 2244(d)(1)(D), which is the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. The statute adds that the limitations period is "tolled," that is, the time is not counted in calculating the limitations period, when a properly filed application to the state for postconviction review or other collateral relief is pending before the state courts for decision. 28 U.S.C. § 2244(d)(2).

Determining whether the statute of limitations expired before petitioner filed his federal petition for a writ of habeas corpus requires a review of his state court proceedings in light of § 2244. Petitioner's first postconviction motion (which was part and parcel of his direct appeal from his conviction) was decided by the state supreme court on March 15, 2006. This decision did not become final until July 17, 2006, because petitioner had ninety days in which to seek a writ of certiorari from the United States Supreme Court. On March 12, 2007, petitioner filed a second postconviction motion in state court.

The filing of the second postconviction motion tolled the running of the limitations period until the state court issued a decision on April 14, 2008. At that time, the period

7

resumed running immediately, because petitioner was not entitled to another 90-day period for filing a petition for certiorari.  Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007) (tolling provision in § 2244(d)(2) does not apply to period in which Supreme Court considers certiorari petition from denial of a collateral attack on conviction; applies only to petition filed from state courts' denial of direct appeal).  With 93 days remaining in the limitations period, petitioner had until July 15, 2008 in which to file his federal petition for a writ of habeas corpus.  Petitioner did not file his petition until July 20, 2008, five days after the limitations period had run.  (In finding that petitioner filed his petition on July 20, 2008, I am applying the "mail box rule."  Houston v. Lack, 487 U.S. 266 (1988) (habeas petition deemed filed when delivered to prison authorities).)  His petition is untimely under subsection (d)(1)(A) of § 2244.

The petition is untimely under subsection (d)(1)(D) as well.  Although petitioner alleges that he did not discover the evidence supporting the claim he raised in his second postconviction motion until after his conviction became final, he cannot sustain this allegation.

Petitioner based his second postconviction motion on his assertion that his postconviction counsel was constitutionally ineffective because he did not say anything in the first postconviction motion about trial counsel's failure to obtain witness statements from Travian and Jermiah McGloun, Christopher Davis and Detective Schneider with which

8

to impeach other witnesses at trial. In deciding the motion, the state courts found that the statements had become part of the record in 2004 when the state court of appeals granted petitioner's motion to supplement the record. Petitioner conceded in his brief in support of his second postconviction motion that he had received the statements in 2004. It may be true that petitioner did not realize the significance of the statements until 2007, but he cannot claim that he did not have them.

The statute of limitations begins to run "when the factual predicate 'could have been discovered through the exercise of due diligence,' not when it was actually discovered by a given prisoner." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). "Time begins to run when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Id. Petitioner had the evidence supporting his claim no later than 2004. Even if his postconviction counsel erred by not raising a second ineffectiveness of trial counsel claim, petitioner had the opportunity to raise the issue in his response to the no merit report. In any event, it appears that petitioner began to question Wright's performance by December 2006, when he asked Wright whether he had ever seen the statements. Petitioner does not explain why he waited until March 2007 to raise his claims of ineffective assistance by his trial and appellate counsel. Petitioner is not entitled to a later starting date.

9

Thus, the petition is untimely unless the principle of equitable tolling applies. Apart from the alleged discovery of "new evidence" and negligence of his appellate attorney, which I have already found inadequate to justify tolling under § 2244(d)(1)(D), petitioner has not identified any impediment that might excuse his failure to file his federal petition on time. Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003) (citing Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (lack of access to trial transcript does not warrant equitable tolling); Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge and transfer between prisons), overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001); Marcello, 212 F.3d at 1010 (equitable tolling not warranted by unclear law and death of attorney's father).

In sum, because petitioner has failed to show any ground for extending the limitations period in his case, his petition must be dismissed as untimely.

10

ORDER

IT IS ORDERED THAT respondent Michael Thurmer's motion to dismiss petitioner Keith Beauchamp's petition for a writ of habeas corpus is GRANTED. Petitioner's application for federal habeas relief is DISMISSED WITH PREJUDICE.

Entered this 4th day of November, 2008.

BY THE COURT:

/s/

BARBARA C. CRABB
District Judge

11