IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEITH BEAUCHAMP,

                Petitioner,            OPINION AND ORDER

  v.

                                                08-cv-0425-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                Respondent.

---

       Keith Beauchamp, an inmate at the Waupun Correctional Institution, has filed a notice of appeal from this court's order and judgment of November 5, 2008, dismissing his application for a writ of habeas corpus as untimely. Although petitioner has not filed a request for a certificate of appealability pursuant to 28 U.S.C. § 2253, I will assume that he seeks such a certificate. He has not paid the $455 filing fee and has an affidavit of indigency on file. Therefore, I also will infer that he is requesting leave to proceed in forma pauperis on appeal.

       A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id.; see also 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed

further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Petitioner raised two claims in his petition: 1) his trial counsel was ineffective for failing to obtain three witness statements and failing to use these statements and the statement of a police detective to impeach the witnesses' trial testimony; and 2) his postconviction counsel was ineffective for not raising this claim of ineffective assistance of trial counsel in the postconviction motion. Dkt. #1. I did not reach the merits of his claims because I found that he failed to file his petition within the limitations period set forth in 28 U.S.C. § 2244(d).

Petitioner's one-year statute of limitations period began to run on July 17, 2006, the date that the state court's decision on his first postconviction motion (which was part and parcel of his direct appeal from his conviction) became final. 28 U.S.C. § 2244(d)(1)(A). On March 12, 2007, he filed a second postconviction motion in state court, which tolled the running of the limitations period until the state court issued a decision on April 14, 2008. 28 U.S.C. § 2244(d)(2) (properly filed application for postconviction review or other collateral relief tolls limitations period while motion pending before state courts for decision). At that time, the period resumed running immediately, because petitioner was not entitled to another 90-day period for filing a petition for certiorari. Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007) (tolling provision in § 2244(d)(2) does not apply to period

2

in which Supreme Court considers certiorari petition from denial of a collateral attack on conviction; applies only to petition filed from state courts' denial of direct appeal).  With 93 days remaining in the limitations period, petitioner had until July 15, 2008 in which to file his federal petition for a writ of habeas corpus.  Petitioner did not file his petition until July 20, 2008, five days after the limitations period had run.

I rejected petitioner's allegation that he did not discover the evidence supporting the claim he raised in his second postconviction motion until after his conviction became final. See 28 U.S.C. § 2244(d)(1)(D) (limitations period does not begin to run until the date on which factual predicate of claims could have been discovered through due diligence).  I found that the evidence at issue became part of the record in 2004, a fact that petitioner conceded in his brief in support of his second postconviction motion.  Although petitioner may not have realized the significance of the evidence until 2007, the limitation period began to run when he knew the important facts, not when he recognized their legal significance. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000).

Because petitioner failed to file his habeas petition within the statutory limitation period and did not identify any impediment that might excuse this failure, I dismissed the petition as untimely.  Having reviewed my order, I am convinced that reasonable jurists would not debate its resolution.  Therefore, petitioner's request for a certificate of appealability will be denied.

The next question is whether petitioner is entitled to proceed in forma pauperis on appeal. In addition to finding that petitioner is indigent, this court must find that he is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Although this is a less demanding standard than that for determining whether to issue a certificate of appealability, I find that petitioner is unable to meet it. For the reasons stated above, no reasonable person could suppose petitioner's appeal has any merit. Because I have found that petitioner's appeal is not taken in good faith, it is not necessary to decide whether he is indigent for purposes of appeal or whether he must prepay a portion of the fee.

ORDER

IT IS ORDERED that:

1.  Petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate; and

2.	Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 19th day of November, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge